## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CRAIG IVAN GILBERT,

     Plaintiff,

     v.                         CASE NO.  22-3265-JWL-JPO

ROGER SOLDAN, et al.,

     Defendants.

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on a notice of removal filed by Craig Ivan Gilbert, the petitioner in a closed habeas action that was previously pending in state court.  Because Mr. Gilbert has failed to show any grounds for removal or that removal is proper in a closed case, this matter is dismissed.

Mr. Gilbert filed this "Notice of Removal," purporting to remove a closed habeas case from the Saline County District Court.  (Doc. 1.)  Mr. Gilbert fails to provide a full case number and only provides that it is a closed habeas case from 2021.  *Id*.  He alleges that he initiated the 2021 habeas action based on his conditions of confinement.  *Id*.

Mr. Gilbert has not shown that he can properly remove a closed case that he initiated in state court.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The statute only provides for removal by "the defendant or the defendants," it does not provide for removal by a plaintiff or petitioner.

In *Montero v. Tulsa Airport Improvements*, the pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. *Montero v. Tulsa Airport Improvements*, 770 F. App'x 439 (10th Cir. 2019) (unpublished). The Tenth Circuit found that the district court lacked jurisdiction "because a plaintiff cannot . . . remove a case from state court to federal court under 28 U.S.C. § 1441." *Id.* at 440. "Section 1441 does permit removal of a case from state court to federal court. But a plaintiff . . . cannot remove the case." *Id.* (citing *see Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al*., Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court)).

Mr. Gilbert has pointed to no authority for the proposition that removal of a closed case is proper. The removal statutes refer to the removal of *pending* cases. *See, e.g.,* 28 U.S.C. § 1441(a) (providing for removal to the district court of the United States for the district and division embracing the place "where such action is pending"); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446(a) (same); 28 U.S.C. § 1455(a) (same).

Mr. Gilbert cites to 18 U.S.C. § 4 under his "Notice of Removal." That statute deals with the criminal prohibition against misprision of felonies, and provides that:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4. The statute does not provide a private cause of action. The statute "defines a criminal offense and does not provide civil complainants with a private right of action." *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) (citing *Dugar v. Coughlin*, 613 F. Supp.

849, 852 n.1 (S.D.N.Y. 1985)).  A plaintiff cannot sue directly under this statute or use it as a predicate for an action under 42 U.S.C. § 1983. *Dugar*, 613 F. Supp. at 852 n.1.; *see also U.S. ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) (citations omitted) (finding there is no explicit authority for private citizens to bring suit under 18 U.S.C. § 4, nor will the courts imply such authority).

In *Massad v. Greaves*, the defendant attempted to remove an action to federal court, arguing that the action was in fact a cause of action under 18 U.S.C. § 4.  *Massad v. Greaves*, 554 F. Supp. 2d 163, 165–66 (D. Conn. 2008).  The court found that the argument was flawed "because federal criminal statutes cannot provide plaintiff with an implied civil cause of action to plead."  *Id*. at 166.  "The language of [18 U.S.C. § 4] contains no provision permitting a civil litigant to initiate a lawsuit in the courts of the United States on the basis of the conduct prohibited in § 4."  *Id*. at 167.  The court ordered a remand, finding that removal based on the statute was improper.  *Id*.; *see also  Wolf v. Petrock*, 382 F. App'x 674, 675–77 (10th Cir. 2010) (unpublished) (affirming dismissal of case where plaintiff alleged he was trying to report felonies).

To the extent Plaintiff asserts that 18 U.S.C. § 4 provides him with a basis for removal, such an argument is without merit.  Nothing in the statute suggests that notice should be accomplished by attempting to remove a case to federal court.  Furthermore, nothing in the removal statutes provides that 18 U.S.C. § 4 is a valid basis for removal.  *See* 28 U.S.C. §§ 1441 through 1455.

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded.  Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated October 24, 2022, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
